UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW L. GERFIN, JR., EXECUTOR OF THE ESTATE OF CAROL A. GERFIN, DECEASED, AND AS HER WRONGFUL DEATH BENEFICIARY; KENNETH PORTIE, and TIFFANY PORTIE, AS WRONGFUL DEATH BENEFICIARIES OF CAROL A. GERFIN, DECEASED | § § § § § § § § § § | PLAINTIFFS |
| VS. | § § | CAUSE NO. 1:10cv284-LG-RHW |
| ADVANCED RECOVERY SERVICE, L.L.C., RUSSELL H. GAUTREAUX, SCHNEIDER NATIONAL CARRIERS, INC., JIMMY T. HAMAMOTO, and UNITED SERVICES AUTOMOBILE ASSOCIATION | § § § § § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING REMAND

BEFORE THE COURT is Plaintiffs Andrew Gerfin, Jr., as Executor of the Estate of Carol A. Gerfin, Deceased, and as Her Wrongful Death Beneficiary, and Kenneth and Tiffany Portie, as Wrongful Death Beneficiaries of Carol A. Gerfin, Deceased's [15] Motion to Remand. The issue before the Court is whether Defendant United Services Automobile Association is improperly joined. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this wrongful death action in the Circuit Court of Pearl River County, Mississippi on May 24, 2010. Mr. Gerfin is Mrs. Gerfin's widower and

executor of her estate. He is a resident of Mississippi, as was his wife at the time of her death. Kenneth and Tiffany Portie are Mrs. Gerfin's children. Kenneth resides in Arkansas, while Tiffany resides in Louisiana.

Mrs. Gerfin's death is alleged to have occured when she was struck by a vehicle on Interstate 59, in Picayune, Mississippi. She was a registered nurse and had stopped to render aid after she witnessed a car accident. The Complaint alleges that Defendant Jimmy T. Hamamoto, while in the course and scope of his employment with Defendant Schneider National Carriers, Inc., was involved in this vehicle accident. She was rendering aid to the other driver involved in the accident–Mark R. King, Jr., an uninsured driver. At some point after she exited her vehicle, she was allegedly struck and killed by a truck driven by Defendant Russell L. Gautreaux, during the course and scope of his employment with Defendant Advanced Recovery Services, L.L.C. The Complaint finally alleges that USAA is Mrs. Gerfin's uninsured motorist carrier, who has refused to pay for King's negligence.

On June 23, Schneider and Hamamoto removed the action to this Court alleging diversity jurisdiction. Schneider is a Nevada corporation, with its principal place of business in Wisconsin. He is a resident of California. Advanced Recovery's citizenship is not alleged. Gautreaux is a Louisiana resident. USAA is a reciprocal inter-insurance exchange that shares residency with its members/policyholders. It has members in all fifty states, and is therefore a resident of all fifty states.

## DISCUSSION

Defendants bear the burden of establishing jurisdiction. *Rivet v. Regions Bank*,

108 F.3d 576, 582 (5th Cir. 1997). Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants argue that USAA, a nondiverse defendant, is improperly joined. Without USAA, Defendants contend there is diversity jurisdiction. Plaintiffs contend that USAA is a proper party.

Whether or not USAA is improperly joined, there yet remains incomplete diversity in this case. This is because there is one Louisiana plaintiff (Tiffany) and at least[1] one Louisiana defendant (Gautreaux). Under Mississippi law, wrongful death beneficiaries have the right to participate as plaintiffs in a wrongful death suit. *Harpster v. Thomas*, 442 F. Supp. 2d 349, 353-54 (S.D. Miss. 2006); *Long v. McKinney*, 897 So. 2d 160, 174 (¶58) (Miss. 2005). If they do so, their citizenship is also relevant for purposes of diversity. *Harpster*, 442 F. Supp. 2d at 354. Tiffany filed a claim as a wrongful death beneficiary in this case. Because she and Gautreaux are both from the same state, there is a lack of diversity jurisdiction. Since the Court has no subject matter jurisdiction over this cause, it shall immediately be remanded back to the Circuit Court of Pearl River County, Mississippi for further proceedings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Plaintiffs Andrew Gerfin, Jr., as Executor of the Estate of Carol A.

---

[1] USAA is the other Louisiana defendant. As for Advanced Recovery, it is a limited liability company. A limited liability company's citizenship is that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). No mention is made of Advanced Recovery's members.

Gerfin, Deceased, and as Her Wrongful Death Beneficiary, and Kenneth Portie and Tiffany Portie, as Wrongful Death Beneficiaries of Carol A. Gerfin, Deceased's [15] Motion to Remand should be and is hereby **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 22nd day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE